1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | ) 1:10-cv-00035 OWW MJS HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING RESPONDENT'S MOTION TO<br>) DISMISS |
| v. | ) (Doc. 15) |
| KEN CLARK, Warden, et al., | ) FINDINGS AND RECOMMENDATION<br>) REGARDING PETITIONER'S MOTION TO<br>) STRIKE REPLY |
| Respondents. | ) (Doc. 19) |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Amy A. Daniel, Esq. of the office of the Attorney General of California.

**I.    BACKGROUND[1]**

**A.    Procedural History**

Petitioner is currently in the custody of the California Department of Corrections pursuant to an August 5, 1982, conviction of second degree murder with an enhancement for use of a weapon. Petitioner was sentenced to an indeterminate prison term of 17 years to life in state prison.

On January 7, 2010, Petitioner filed the present petition. (Pet., ECF No. 1.) In the

---

[1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of Respondent's motion to dismiss.

-1-

1   petition, Petitioner asserts eight due process and other constitutional claims relating to his

2   eighth parole consideration hearing in 2007 and a rehearing in 2008.

3        On January 30, 2007, after Petitioner's eighth parole consideration hearing, the Board

4   of Parole Hearings ("Board") found Petitioner unsuitable for, and denied him,  parole for a

5   year. (Pet. at 78-86.) On May 14, 2007, Petitioner filed a petition for writ of habeas corpus in

6   the Fresno County Superior Court, challenging the Board's denial of parole. (Mot. To Dismiss,

7   Ex. 1, ECF No. 15-1.) On June 1, 2007, the Superior Court ordered Respondent to file a return

8   responding to the allegations of the petition for writ of habeas corpus. (Pet. at 88-89.) The

9   court specifically requested respondent to address the issue of whether Petitioner's conviction,

10  by itself, was sufficient to justify the denial of parole. (Id.) On October 18, 2007, the superior

11  court granted the writ to the extent of requiring the Board to reconsider its decision denying

12  Petitioner parole. (Mot. To Dismiss, Ex. 2, ECF No. 15-1.)

13       In response  to the Superior Court  order, the Board  reconvened on January 3, 2008.

14  However, it lacked a copy of the superior court order and related documents and so postponed

15  the hearing. (Pet. at 94-108.)  On January 18, 2008, in response to the delay, Petitioner filed

16  a motion for reconsideration with the Fresno County Superior Court. The court concluded that

17  the Board had delayed the hearing for legitimate reasons and so denied the motion. (Pet. at

18  111-112.)

19       On February 13, 2008, the Board undertook its rehearing of the January, 2007 parole

20  consideration hearing. (Id. at 127-150.)  In so doing, it commented just  before commencing

21  the hearing that the court order had not imposed any restrictions on the Board and that the

22  Board was to "just redo the hearing." (Id. at 129.) The Board again denied Petitioner parole

23  for a year. (Id. at 149.)

24       Petitioner then filed a second motion for reconsideration on February 25, 2008; it was

25  denied March 20, 2008 based upon Petitioner's failure to attach sufficient exhibits to the

26  motion. (Id. at 153-54.) On April 21, 2008, Petitioner filed a third motion for reconsideration,

27  or in the alternative, a new writ of habeas corpus with the Fresno County Superior Court. (Id.

28  at 157-58.) The court denied the motion for reconsideration on May 8, 2008, holding that the

-2-

1   Board complied with the court's order to hold a rehearing, and it declined to consider the new

2   writ petition on the grounds it did not meet the procedural requirements of such a petition. (Id.)

3       On May 29, 2008, Petitioner filed a petition for writ of habeas corpus with the California

4   Court of Appeal, Fifth Appellate District challenging the January, 2007 and February, 2008

5   parole hearings. (Mot. to Dismiss, Ex. 3.) On January 16, 2009, the petition was denied without

6   prejudice for failure to exhaust his remedies by first filing a petition with the superior court.

7   (Pet. at 162.)

8       However, while the appellate court petition was pending, on June 20, 2008, Petitioner

9   filed another petition for writ of habeas corpus with the Fresno County Superior Court, this time

10  challenging the February, 2008 parole consideration hearing.  (Mot. to Dismiss, Ex. 4.) On

11  March 9, 2009, the Court denied the petition in a reasoned decision. (Id., Ex. 6.) On March 27,

12  2009, Petitioner filed another petition for writ of habeas corpus with the California Court of

13  Appeal, Fifth Appellate District, this time challenging his February, 2008 parole hearing.  The

14  petition was denied on May 1, 2009.

15      On June 4, 2008, Petitioner appeared again before the Board,  for this, his ninth parole

16  consideration hearing.  However, because of confusion regarding the court's order on the

17  rehearing of Petitioner's eighth parole consideration hearing, the Board postponed the hearing

18  to obtain transcripts from the Fresno County Superior Court and  attempt to determine what

19  was to take place at this ninth hearing. (Pet. at 173-214.) The hearing was held ten months

20  later on April 14, 2009, and Petitioner was denied parole for three years.[2] (Id. at 48.)

21      Finally, Petitioner files a petition for writ of habeas corpus with the Supreme Court of

22  California on June 24, 2009, challenging the January, 2007 and February, 2008 parole

23  hearings and rasing various due process concerns with regard to the Board's procedures.

24  (Mot. to Dismiss, Ex. 7.) That petition was also denied on December 2, 2009.

25      In summary, Petitioner received his eighth parole consideration hearing, and pursuant

26  to an order of the superior court, a rehearing. Petitioner has brought several habeas petitions

27

28      [2] Petitioner is challenging the  April 2009 denial of parole in a separate action.  See Thomas v. Allison, Case No. 10-cv-01005-OWW-SMS (E.D. Cal. 2010).

-3-

1    before the state courts relating both to the original hearing and the rehearing.

2        On January 7, 2010, Petitioner filed the instant petition for writ of habeas corpus in this

3    Court raising eight different grounds for relief, listed as follows:

4        1.) California sentencing scheme violates Sixth and Fourteenth Amendments of the

5    United States Constitution.

6        2.) The Board's January, 2007 finding of special circumstances to deny parole violates

7    the due process clause.

8        3.) The Board's January, 2007 decision was arbitrary and capricious and violated due

9    process.

10        4.) The Board's continued reliance upon the commitment offense violates due process.

11        5.) The Fresno County Superior Court's order for rehearing was void, vague and

12    violated due process, and the Board and district attorney breached an agreement made with

13    Petitioner.

14        6.) The Board and district attorney breached an agreement made with Petitioner

15    violating due process; Petitioner's attorney was ineffective; the delay in holding subsequent

16    parole hearings violated due process.

17        7.) The January 2008 psychological evaluation regarding Petitioner's lack of insight

18    conflicted with previous reports and prejudiced his February, 2008 hearing.

19        8.) The Fresno County Superior Court was in error in denying Petitioner's petition based

20    on evidence presented in the 2008 psychological report. (Pet. at 1-55.)

21        **B.**     **Respondent's Motion to Dismiss**

22        On July 6, 2010, Respondent filed a motion to dismiss claims in the petition relating to

23    the January, 2007 parole consideration hearing and claims regarding the postponement of

24    Petitioner's parole hearings. (Mot. to Dismiss.)

25        In the motion to dismiss, Respondent unfortunately does not address each claim

26    presented by Petitioner. First, Respondent alleges that the claims presented in the petition

27    relating to the January, 2007 Board decision lack standing as Petitioner has already obtained

28    relief from the state court in the form of another hearing, and so he is not entitled to further

1 relief.  Respondent then addresses how two of the claims raised by Petitioner are not federally

2 cognizable, i.e., his claim that the superior court order violated due process because it was

3 vague and his contention that the Board and the attorney general breached an agreement by

4 postponing his hearing and not providing a parole transcript.

5 Finally, Respondent asserts that Petitioner has not asserted cognizable legal grounds

6 for  challenging statements made in his psychological evaluation prepared in January, 2008.

7 **C.**     **Petitioner's Motion to Strike Reply**

8 On July 6, 2010, Respondent filed a motion to dismiss. On July 28, 2010, Petitioner

9 filed an opposition to the motion to dismiss. On August 9, 2010, Respondent filed a reply to

10 the opposition. On September 10, 2010, Petitioner filed an opposition and motion to strike the

11 reply.  Petitioner asserts that the reply was filed more than seven (7) days after the opposition

12 as required by the scheduling order of the Court.

13 **II.**     **DISCUSSION**

14 **A.**     **Procedural Grounds for Motion to Dismiss**

15 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

17 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

18 Cases.

19 The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

20 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

21 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

22 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

23 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

24 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

25 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

26 after the court orders a response, and the Court should use Rule 4 standards to review the

27 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

28 Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section

2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Furthermore, the federal courts have duty to construe pro se pleadings liberally and a pro se complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Acknowledging the difficulty in determining which of Petitioner's claims relate to the January, 2007 hearing, February 2008 hearing, or due process concerns in general, the Court shall determine the cognizability of Petitioner's claims based on subject matter.

## B.    Claims Relating to Petitioner's January, 2007 Board Hearing

### 1.    Respondent's Claims Regarding Article III Standing

Respondent asserts that Petitioner lacks standing to challenge the January, 2007 Board hearing because Petitioner's injury is abstract or theoretical inasmuch as Petitioner has received relief in the form of another hearing. Respondent's reliance on Article III standing requirements is misplaced.  See United States v. Hays, 515 U.S. 737, 742-743 (1995) ("It is by now well settled that 'the irreducible constitutional minimum of standing contains three elements. First,  the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'") quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992).

Petitioner does present an actual federal case or controversy.  Petitioner challenges the

1  denial of parole at his January, 2007 Board hearing based on 14th Amendment Due Process

2  concerns. The Ninth Circuit, in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) and

3  subsequent opinions, has held that a due process challenge to a California parole denial is an

4  actual cognizable action that may merit relief. ("<u>Hayward</u> specifically commands federal courts

5  to examine the reasonableness of the state court's application of the California "some

6  evidence" requirement, as well as the reasonableness of the state court's determination of the

7  facts in light of the evidence. <u>Pearson v. Muntz</u>, 606 F.3d 6060, 609 (9th Cir. 2010).)

8      The Court disagrees with the claim that Petitioner's injuries are "abstract and

9  theoretical." The potential injury here is the denial of parole and continued confinement. Such

10  injury is concrete and unequivocally impacts Petitioner's fundamental interest in his own

11  liberty. Accordingly, it is recommended that Petitioner's motion to dismiss based on lack of

12  standing be denied.

13          2.    <u>Mootness</u>

14      Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

15          If it plainly appears from the petition and any attached exhibits that the
16      petitioner is not entitled to relief in the district court, the judge must dismiss the
        petition and direct the clerk to notify the petitioner.

17  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ

18  of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion

19  to dismiss, or after an answer to the petition has been filed.  <u>See Herbst v. Cook</u>, 260 F.3d

20  1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to

21  amend unless it appears that no tenable claim for relief can be pleaded were such leave

22  granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

23      While not addressed by Respondent in the motion to dismiss, Petitioner's claims

24  relating to the January, 2007 Board hearing are moot and not entitled to relief. Under Article

25  III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases

26  or controversy. <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L.

27  Ed. 2d 400 (1990). Mootness is a threshold jurisdictional issue. <u>Burnett v. Lampert</u>, 432 F.3d

28  996, 999 (9th Cir. 2005). "This means that, throughout the litigation, the [petitioner] must have

1    suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be

2    redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S. Ct. 978,

3    140 L. Ed. 2d 43 (1998). Accordingly, if events transpire during litigation that render a court

4    unable to grant the requested relief, the case becomes moot, and the court is without

5    jurisdiction to hear the case. <u>Calderon v. Moore</u>, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L.

6    Ed. 2d 453 (1996).

7         In this case, Petitioner's claims regarding the January, 2007 Board hearing are moot

8    because no viable issues remain to be resolved. Those allegations were rendered moot when

9    Petitioner was given a new hearing in February, 2008.

10        Generally speaking, "procedural errors are cured by a holding a new hearing in

11   compliance with due process requirements." <u>See</u> <u>Batanic v. Immigration and Naturalization</u>

12   <u>Serv.</u>, 12 F.3d 662, 667 (7th Cir. 1993). It has recently been decided that when a California

13   state prisoner's parole decision is not based on some evidence his federal remedy is limited

14   to a new, properly conducted parole hearing. <u>See</u> <u>Haggard v. Curry</u>, 623 F.3d 1035 (9th Cir.

15   2010) ([W]here the Board errs in applying the "some evidence" standard, the only expectation

16   a prisoner has under California law is that of a new, properly conducted parole-suitability

17   determination by the Board.")

18        When a petition such as this succeeds, this Court's remedy is to grant Petitioner a new

19   parole consideration hearing. However, the Fresno County Superior Court has already

20   provided Petitioner that relief in providing the new hearing conducted in February, 2008. Since

21   this Court could afford Petitioner no greater remedy than he has already received, his claims

22   regarding the January, 2007 hearing are moot and must be dismissed. Claims two and three

23   of the petition must be dismissed. To the extent other claims relate to the January, 2007

24   hearing, those too must be dismissed as moot.

25        **C.**    <u>**Claims Relating to Petitioner's February, 2008 Board Hearing**</u>

26        Petitioner claims, including, but not limited to claim eight, challenge the February, 2008

27   Board hearing. Respondent does not object to Petitioner's right to challenge his February,

28   2008 Board hearing. Accordingly, Petitioner may proceed on claim eight and any other claims

which relate to a possible violation of due process in relation to his February, 2008 Board hearing.

### D.   Other Claims Raised by Petitioner

#### 1.   California Sentencing Scheme Violates Sixth and Fourteenth Amendments

Petitioner first claims that he has been denied due process of law because he has served greater than the minimum term for his offense. (Pet. at 14.) Petitioner contends that the Board's findings are based on facts not submitted to a jury or proven beyond a reasonable doubt, thereby exposing Petitioner to a greater penalty without a right to trial. (Id.) This claim is without merit.

"In California, when a prisoner receives an indeterminate sentence of fifteen years to life, the 'indeterminate sentence is in legal effect a sentence for the maximum term, subject only to the ameliorative power of the [parole authority] to set a lesser term.'" Hayward, 603 F.3d at 561 (footnote omitted); Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007)  ("Under California law, prisoners serving an indeterminate sentence for . . . murder may serve up to life in prison, but become eligible for parole consideration after serving minimum terms of confinement." (citations omitted)). To the extent Petitioner claims the Board's decision denying him parole violated his rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), such claim is without merit "because the Board did not increase [petitioner's] sentence beyond the statutory maximum of life imprisonment for his crime of [first] degree murder." Duesler v. Woodford, 269 Fed. Appx. 670, 671 (9th Cir. 2008); Abraham v. Marshall, 288 Fed. Appx. 378, 380 (9th Cir. 2008); see also Orozco v. Clark, 2010 U.S. Dist. LEXIS 34270, 2010 WL 1407532, *6 (C.D. Cal.) ("[T]he Board's decision denying petitioner parole did not increase petitioner's sentence of fifteen years to life in state prison. 'While petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date because he would present an unreasonable risk of danger to society has not enhanced or otherwise 'altered' his punishment.'" (citations omitted)); Paddock v. Mendoza-Powers, 674 F. Supp. 2d 1123, 1128-29 (C.D. Cal. 2009) ("'[A]bsent a determination

1   of parole suitability by the [Board]', . . . petitioner remains subject to an indeterminate life

2   sentence, . . . and 'petitioner's ongoing detention does not deprive petitioner of due process

3   of law[.]'" (citations omitted)).

4        Petitioner's first claim does not present a cognizable ground for federal habeas corpus

5   relief.  Accordingly, the claim must be dismissed.

6            2.    The Fresno County Superior Court's Order was Vague

7        Petitioner's fifth claim contends that the Fresno County Superior Court's order for the

8   Board to reconsider its decision was vague and violated due process. (Pet. at 40-45.)

9   Certainly, the superior court's order is succinct.  It states, "Court grants the writ in that the

10  Court is not ordering release by the Board, but the Board is to reconsider their decision." (Mot.

11  to Dismiss Ex. 2.) Furthermore, as described above, the order caused confusion on the part

12  of  the Board, causing postponements of the hearing.

13       Regardless, Petitioner's claims do not raise a cognizable grounds for federal habeas

14  relief. A state court's remedy for a parole denial not based on some evidence of current

15  dangerousness is to order an new parole suitability hearing. See Haggard, 623 F.3d 1035,

16  1041-42 (citing In re Prather, 50 Cal. 4th 238, 252 (2010).) In ordering the Board to conduct

17  a new hearing, the Court is not to limit the evidence presented before the board. Id. at 551.

18  ("Although, as noted above, we have not previously considered this precise issue, we

19  observed in Rosenkrantz, supra, 29 Cal.4th 616, that a proper order after a grant of habeas

20  corpus relief should direct the Board to "proceed in accordance with due process of law", citing

21  appellate decisions supporting this proposition. These cases confirm our conclusion here that

22  it is improper for a reviewing court to direct the Board to reach a particular result or to consider

23  only a limited category of evidence in making a suitability determination." (Citations omitted.))

24       Accordingly, the Court could only order the Board to conduct a new hearing in

25  accordance with due process of law. Although the superior court order fails to state explicitly

26  that the hearing was to be conducted in accordance with due process, it is implicit in the order

27  that a hearing before the Board be conducted in accordance with due process principles as

28  required by California state statutes and regulations. Petitioner has not presented a basis upon

1    which one could find that the superior court order violates the Constitution, laws, or treaties

2    of the United States; he therefore has failed to not provide a cognizable ground for federal

3    habeas relief. See Estelle v. McGuire, 502 U.S. 62,67-68 (1991).  The Court recommends that

4    claim five of the petition be dismissed  on such grounds.

5            3.      The Board and District Attorney Breached an Agreement With Petitioner

6            In Petitioner's sixth claim, he asserts that the Board and District Attorney breached an

7    agreement with Petitioner by not holding the second parole consideration hearing at the

8    specified time and by not obtaining a copy of the transcript of the superior court. (Pet. at 46-

9    49.) Petitioner's claims are without merit.

10           It is undisputed that the Board postponed the rehearing of Petitioner's eighth parole

11   suitability hearing from January 3, 2008 to February 13, 2008 to attempt to determine what the

12   superior court had ordered. It is further undisputed that the Board postponed Petitioner's ninth

13   suitability hearing from June 4, 2008 to April 14, 2009. Petitioner asserts that the delays

14   amounted to breach of a contractual arrangement between the parties and violated the

15   Sherman Act. (Pet. at 48-49.)

16           As Respondent correctly states, no enforceable contracts were created between the

17   parties, and Petitioner's claims of breach of contract lack merit.

18           Regardless, pro se pleadings are to be construed liberally. Erickson, 551 U.S. at 94.

19   Although the delays caused by postponement of parole hearings did not violate Petitioner's

20   constitutional rights via breach of contract, it is possible that the delays caused by the Boar's

21   failure to timely hold the rehearing of Petitioner's eighth parole suitability hearing and ninth

22   parole suitability hearing violated Petitioner's due process rights.

23           A civil rights action under 42 U.S.C. § 1983 is the proper method for a prisoner to

24   challenge the conditions of his confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42

25   (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Advisory Committee Notes to Rule

26   1 of the Rules Governing Section 2254 Cases.  "Habeas jurisdiction is absent, and a § 1983

27   action proper, where a successful challenge to a prison condition will not necessarily shorten

28   the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

1    Any remedy for Petitioner's challenge based on delays could do no more than rectify

2    the procedural issues surrounding his hearing, not provide for Petitioner's immediate release.

3    For such a challenge to the conditions of his confinement, a civil rights complaint pursuant to

4    42 U.S.C. § 1983 is his "proper remedy." <u>Preiser</u>, 411 U.S. at 499. The Court expresses no

5    opinion as to the merits of such a civil rights complaint.

6                    4.    <u>Petitioner's Psychological Report was Prejudicial</u>

7    Petitioner asserts that the January, 2008 psychological report conflicts with the

8    assessment of other psychologists and was prejudicially relied upon during his parole hearing.

9    (Pet. at 50-54.) For instance, Petitioner points out that when assessing Petitioner's potential

10   risk of future violence, the report refers to a "Mr. Carranza," potentially bringing the reliability

11   of the report into question. (Psychological Report at 8.) To the extent Petitioner asserts that

12   the Board violated his due process rights by relying on mistaken information in his

13   psychological report to deny him parole, such claims are cognizable and shall not be

14   dismissed.

15   However, to the extent Petitioner challenges the quality of the psychological report in

16   general as a ground for habeas relief, the Court is unaware of any authority for such a

17   challenge and Petitioner cites none. Accordingly, to the extent that Petitioner challenges the

18   psychological report in general, the claim must be dismissed for failure to show a clear

19   violation for federal law.  Otherwise, to the extent Petitioner asserts his February, 2008 parole

20   denial violated his due process by relying on inaccurate statements in the psychological report,

21   such claims are cognizable and shall proceed.

22   **E.    Petitioner's Motion to Strike Reply**

23   Petitioner moves to strike Respondent's reply as untimely. Petitioner asserts that

24   Respondent's reply was filed at least fourteen days after Petitioner's opposition.

25   According to the proof of service attached to Petitioner's opposition, Petitioner mailed

26   the opposition to Respondent on July 26, 2010. Accordingly, service of the opposition was

27   complete on the day of mailing. Fed. R. Civ. P. 5(b)(2)(C). Respondent's reply was filed with

28   the Court and served by mail on Petitioner on August 9, 2010, fourteen (14) days after the

1 opposition was served. According to the scheduling order filed by this Court on May 6, 2010,

2 Respondent was to file a reply within seven (7) days after the service of the opposition.

3 (Scheduling Order, ECF No. 7.) Federal Rule of Civil Procedure 6(d) entitles Respondent to

4 three (3) additional days to serve the reply. Respondent therefore had ten days in which to

5 serve the reply. Ten days after July 26, 2010 is August 5, 2010. Petitioner did not serve the

6 reply until August 9, 2010.[3]

7     Respondent did not timely serve the reply. It is recommended that Petitioner's motion

8 to strike the reply be granted and that the reply be disregarded.

9 **III.**    **CONCLUSION**

10     The Court recommends that Respondent's motion to dismiss the petition for failure to

11 present federally cognizable claims be GRANTED in part and DENIED in part as follows:

12     1.) The Court recommends that Petitioner's first claim that the California sentencing

13     scheme violates the Sixth and Fourteenth Amendments be DISMISSED;

14     2.) The Court recommends that Petitioner's second claim that the Board's January,

15     2007 violated the due process clause be DISMISSED;

16     3.) The Court recommends that Petitioner's third claim that the Board's January, 2007

17     decision was arbitrary and capricious and violated due process be DISMISSED;

18     4.) To the extent that Petitioner's fourth claim is directed to the Board's January, 2007

19     decision, the Court recommends that the claim be DISMISSED. However, to the extent

20     that the claim is directed to the Board's February, 2008 decision, the Court

21     recommends that the motion to be dismiss be DENIED;

22     5.) The Court recommends that Petitioner's fifth claim that the Fresno County Superior

23     Court's order for rehearing was void be DISMISSED;

24     6.) The Court recommends that Petitioner's sixth claim that the Board and district

25

26     [3] Petitioner asserts that Respondent, despite signing under penalty of perjury, mailed the reply on August
19, 2010, rather than on August 9, 2010, as stated in the proof of service. As the reply was untimely served even
27 if mailed on August 9, 2010, the Court need not address Petitioner's assertions. The Court cautions both parties
that falsely signing under penalty of perjury, even for matters such as proofs of service, can carry significant
28 consequences.

attorney breached an agreement made with Petitioner violating due process be DISMISSED WITHOUT PREJUDICE to bring a civil rights complaint;

7.) The Court recommends that Petitioner's fifth claim regarding the January 2008 psychological evaluation be DISMISSED to the extent that the claim does not address how the psychological evaluation affected the decision of the Board at the February, 2008 hearing; and

8.) Respondent does not challenge Petitioner's right to challenge the February, 2008 Board hearing as alleged in Petitioner's eighth claim.

Further, the Court recommends that Petitioner's motion to strike the reply is GRANTED and the reply is disregarded.

**IV.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED in part, and DENIED in part as described above. The Court Further recommends that Petitioner's motion to strike the reply is GRANTED and the reply is disregarded.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

///

///

///

///

1    waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

2    Cir. 1991).

3

4    IT IS SO ORDERED.

5    Dated:    January 13, 2011                    /s/ Michael J. Seng

6                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-