UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, ) | 1:10-cv-00035-OWW MJS HC |
| Petitioner, ) | |
| v. ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| KEN CLARK, Warden, et al., ) | [Docs. 26, 29] |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 30, 2011, this Court adopted in part and modified in part the Findings and Recommendation of the Magistrate Judge and granted Respondent's Motion to Dismiss. (Order, ECF No. 24.) Accordingly, the petition was denied and judgment entered the same day. (ECF No. 25.) On June 17, 2011, Petitioner filed a motion for a certificate of appealability. (Mot., ECF No. 29.) A certificate of appealability must issue for the matter to be properly heard on appeal, and the Court shall review the matter for that limited purpose.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of

appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>  (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>>  (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On March 30, 2011, this Court modified and adopted the finding and recommendations of the magistrate judge, and dismissed the petition with prejudice. The Court based its dismissal of petitioner's eight claims on various grounds as set forth in the findings and recommendation and order. Petitioner presented several claims relating to two separate parole determination hearings, and the claims were denied as not being cognizable in federal habeas or being foreclosed by Swarthout v. Cooke, 131 S. Ct. 859 (2011).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the

1  denial of a constitutional right.  Accordingly, the Court hereby DECLINES issuance of a certificate of
2  appealability.
3  IT IS SO ORDERED.
4  **Dated:**   **July 14, 2011**                             **/s/ Oliver W. Wanger**
                                                        UNITED STATES DISTRICT JUDGE